UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

FOURTH DIMENSION SECURITIES, INC. a
Florida corporation doing business
as  Solar Illuminations,

                Plaintiff,

vs.                              Case No.   2:12-cv-154-FtM-29DNF

FEDEX FREIGHT, INC.

                Defendant.
_____

**OPINION AND ORDER**

This matter comes before the Court on Defendant's Motion to Dismiss Complaint (Doc. #4) filed on March 19, 2012.  Plaintiff filed a response on March 29, 2012.  For the reasons set forth below, the motion to dismiss is denied.

**I.**

The Complaint alleges that on July 27, 2011, plaintiff Fourth Dimensions Securities, Inc., a Florida corporation doing business as Solar Illuminations (Solar Illuminations or plaintiff) paid defendant FedEx Freight, Inc.[1] (FedEx or defendant) to deliver light fixtures and light poles through defendant's freight delivery services to a Solar Illuminations customer.  FedEx undertook the obligation of delivering the goods, as evidenced by a Bill of Lading.  However, the goods received by the customer were damaged.

---

[1] Plaintiff incorrectly named the defendant as Federal Express Corporation.

On August 9, 2011, Solar Illuminations again paid FedEx to deliver light poles to replace those damaged goods, and FedEx undertook the obligation as evidenced by a second Bill of Lading. Once again, the goods delivered to the customer were damaged. Solar Illuminations ultimately re-shipped the order through a third party carrier. Solar Illuminations alleges that it has sustained damages as a result of FedEx delivering damaged goods including, but not limited to, the shipping costs and costs of damaged goods.[2] Solar Illuminations reported the alleged damages to FedEx but defendant has refused to compensate plaintiff.

As a result, plaintiff initiated this lawsuit in the Circuit Court of the Twentieth Judicial Circuit in and for Lee County, Florida, Civil Division on March 15, 2012. The matter was removed on March 15, 2012, on the basis of federal question jurisdiction under the Federal Carmack Amendment, 49 U.S.C. § 14706.

Defendants seek to dismiss the Complaint based on Fed. R. Civ. P. 12(b)(6) because the allegations establish that FedEx delivered the packages and therefore it met its obligations to deliver the shipped goods to Solar Illuminations's customer. Defendants further contend that the Complaint fails to meet the pleading requirements set forth in Fed. R. Civ. P. 8 because it asserts

---

[2] Specifically, the Complaint alleges that the July 27, 2011, transaction resulted in damages of $1,400.28 in shipping costs and $20,000.00 in damaged goods. The August 9, 2011, transaction resulted in $707.89 in shipping costs and $9,996.00 in damaged goods. (Doc. #2, ¶13.)

nothing more than mere conclusions that plaintiff is entitled to relief under the Bills of Lading. In response, plaintiff alleges that its Complaint is sufficient, and if the Court finds it insufficient, it should be granted leave to amend the Complaint.

**II**.

In deciding a Rule 12(b)(6) motion to dismiss, the Court must accept all well-pleaded factual allegations in a complaint as true and take them in the light most favorable to plaintiff. Erickson v. Pardus, 551 U.S. 89, 94 (2007); Christopher v. Harbury, 536 U.S. 403, 406 (2002). "To survive dismissal, the complaint's allegations must plausibly suggest that the [plaintiff] has a right to relief, raising that possibility above a speculative level; if they do not, the plaintiff's complaint should be dismissed." James River Ins. Co. v. Ground Down Eng'g, Inc., 540 F.3d 1270, 1274 (11th Cir. 2008) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555-56 (2007)); see also Edwards v. Prime Inc., 602 F.3d 1276, 1291 (11th Cir. 2010). The former rule-that "[a] complaint should be dismissed only if it appears beyond doubt that the plaintiffs can prove no set of facts which would entitle them to relief," La Grasta v. First Union Sec., Inc., 358 F.3d 840, 845 (11th Cir. 2004)-has been retired by Twombly. James River Ins. Co ., 540 F.3d at 1274. Thus, the Court engages in a two-step approach: "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise

to an entitlement to relief." Ashcroft v. Iqbal, 556 U.S. 662 (2009).  The Court need not accept as true legal conclusions or mere conclusory statements.  Id.

To survive dismissal under Rule 12(b)(6), a complaint must first satisfy the pleading requirements of Rule 8(a)(2).  Federal Rule of Civil Procedure 8 requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief," and that each allegation be pleaded in a "simple, concise, and direct" manner.  Fed. R. Civ. P. 8(a)(2)(d)(1).  The purpose of this requirement is to supply the defendant with fair notice as to the nature of the claim and the grounds upon which the claim rests.  Twombly, 550 U.S. at 552.

### III.

The Court finds that the Complaint meets Rule 8's pleading requirements.  The Complaint clearly alleges that plaintiff entered into two Bills of Lading with the defendant for the shipment of goods, that the defendant undertook the obligation of delivering the goods, the defendant delivered damaged goods, and as a result the plaintiff sustained damages.  These allegations clearly give rise to a cause of action under the Carmack Amendment, which governs the liability of a carrier for the loss of, or damage to, an interstate shipment of goods.  Adams Express Co. v. Croninger, 226 U.S. 491, 503-04 (1913).  The Carmack Amendment provides that a shipper may recover "for the actual loss or injury to the

property" caused by a carrier. 49 U.S.C. § 14706(a)(1); Malloy v. Allied Van Lines, Inc., 267 F. Supp. 2d 1246, 1251 (M.D. Fla. 2003); see also A.I.G. Uru. Compania de Seguros, S.A. v. AAA Cooper Transp., 334 F.3d 997, 1003 (11th Cir. 2003).

Defendants were clearly on notice as to the basis for plaintiff's Carmack Amendment claim as its Notice of Removal specifically states that the claim falls under the Carmack Amendment because it "arises from an alleged cargo loss that occurred during an interstate commercial movement." (Doc. #1, p. 2.) As such, the Court finds that the Complaint meets the pleading requirements set forth in Fed. R. Civ. P. 8. Further, because the Complaint does not allege that FedEx failed to deliver goods, and instead alleges that FedEx delivered damaged goods, defendant's assertion that Rule 12(b)(6) warrants dismissal because they completed their obligation to deliver the goods is without merit.

Accordingly, it is now

**ORDERED**:

Defendant's Motion to Dismiss Complaint (Doc. #4) is **DENIED**.

**DONE AND ORDERED** at Fort Myers, Florida, this ⎽⎽19th⎽⎽ day of October, 2012.

JOHN E. STEELE
United States District Judge

Copies: Counsel of record

-5-